IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-130(31) |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| BRANDON TERRELL WILLIS | : | |
| Defendant. | : | |

**ORDER DENYING MOTION TO SET BOND (DOC. 599)**

This case is before the Court on Defendant Brandon Terrell Willis' Motion for Release on Bond. (Doc. 599.) Mr. Willis has been indicted for one count of conspiracy to possess with intent to distribute and distribute controlled substances. In November 2019, Magistrate Judge Stephanie K. Bowman ordered that he be detained pending trial. (Doc. 235.) Mr. Willis now asks that the Court reconsider the Magistrate Judge's determination and release him on bond. (Doc. 599.) The Government has filed a response in opposition (Doc. 610), to which Mr. Willis has filed a reply (Doc. 614), making this matter ripe for review.

**FACTS**

Mr. Willis has been identified as a member of the Derrick Bryant Drug Trafficking Organization, a large-scale drug trafficking conspiracy that is believed to have smuggled cocaine, heroin, fentanyl, and methamphetamine into the United States for wide-spread distribution. (Doc. 610.)

In June 2019, Mr. Willis was indicted and charged with Count I – "Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances." (Doc. 483.) On November 19, 2019, Magistrate Judge Stephanie K. Bowman ordered that Mr. Willis be detained pending trial. (Doc. 235.) Magistrate Judge Bowman determined that, pursuant to 18 U.S.C. § 3142(e)(3), there is a "rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community." (*Id.*) Mr. Willis presented evidence sufficient to rebut the presumption, but after considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, Magistrate Judge Bowman determined that detention was nonetheless warranted.

Magistrate Judge Bowman held that Mr. Willis must be detained pending trial because (1) he poses a flight risk and (2) his release would pose a risk of harm to the public. Magistrate Judge Bowman found that the following factors weighed in favor of Mr. Willis' detention: the strength of evidence against him, the lengthy period of incarceration if convicted, his prior criminal history, a history of violence or use of weapons, a history of alcohol or substance abuse, prior failures to appear in court as ordered, and use of aliases or false documents. Magistrate Judge Bowman also indicated that, at the time of the Order, Mr. Willis was on active probation and had a pending case in an Ohio state court, which only further warranted detention.

Mr. Willis now requests that the Court reconsider Magistrate Judge Bowman's Order and set bond. (Doc. 599.)

## ANALYSIS

In his motion, Mr. Willis assures the Court that he is not a threat to himself or others and promises that he will appear at all court dates as the Court requires. (Doc. 599.) He asserts that he is anxious for release so that he may obtain employment and support his family. (*Id.*) Mr. Willis also notes that his probation has been terminated since his arrest and suggests that the Court should therefore reconsider the issue of bond.

The Government opposes Mr. Willis' request, arguing that Mr. Willis poses a significant risk of flight and noncompliance. (Doc. 610.) Specifically, the Government notes that Mr. Willis has over 20 convictions for traffic violations, 48 bench warrants, and 8 failures to comply/community control violations. Accordingly, the Government argues that Mr. Willis' conduct, along with his repeated failures to appear in court and noncompliance, warrant continued detention.

18 U.S.C. § 3142(i)(4) provides, in part, that a "judicial officer *may* . . . permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense *or for another compelling reason.*" (emphasis added). Under this statute, Mr. Willis bears the burden of establishing circumstances warranting temporary release. *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020). He fails to do so here.

The factors a court must consider in determining whether release or continued detention is appropriate are set forth in 18 U.S.C. § 3142(g). They include the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim, the weight of the evidence against the defendant, the history

3

and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed if the defendant is released.

Balance of the § 3142(g) factors supports Mr. Willis' continued detention. The Indictment alleges that Mr. Willis and his co-conspirators conspired to distribute large quantities of cocaine, fentanyl, and methamphetamine. (Doc. 483.) If convicted, Mr. Willis would be sentenced to a term of imprisonment of 10 years or more under 18 U.S.C. § 846. (Doc. 235.) Aside from the presently charged offense, Mr. Willis has over 20 other convictions for traffic violations, 48 bench warrants, and 8 failures to comply/community control violations, representing a substantial risk of flight and noncompliance. (Doc. 208.) Mr. Willis' criminal history also includes convictions for drug abuse, trafficking in marijuana, and possession of weapons. And in November 2019, Mr. Willis reported that he had not worked in six months prior to his arrest, and that he had no income or assets. (*Id.*)

Based on the evidence of the record and upon consideration of the factors enumerated in 18 U.S.C. § 3142(g), the Court concludes that Magistrate Judge Bowman's assessment of Mr. Willis was correct and that "no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community," so continued detention is warranted. (Doc. 235.)

## CONCLUSION

Accordingly, upon due consideration of the motion, the responsive memoranda, and the factors enumerated in 18 U.S.C. § 3142, Mr. Willis' Motion for Release on Bond (Doc. 599) is hereby **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF OHIO

By: _____  
JUDGE MATTHEW W. McFARLAND